UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL UNION NO. 3 N.Y. BUFFALO CHAPTER,
et al.,

                Plaintiffs,

v.                                             **DECISION AND ORDER**
                                                          05-CV-357S(F)

L.A. TRANSPORTATION & PAVING COMPANY, INC.,

                Defendant.

      1.      On August 25, 2005, Plaintiffs filed a Motion for Default Judgment against Defendant L.A. Transportation and Paving Company, Inc. ("L.A. Transportation"). For the reasons discussed below, this Court will grant Plaintiffs' motion and award default judgment against Defendant in the amount of $33,632.06.

      2.      Plaintiffs filed their Complaint in this action on May 19, 2005. Therein, Plaintiffs allege that L.A. Transportation is liable for unpaid employee fringe benefit contributions and membership dues to various funds, as well as late payments, service fees, and attorneys fees and costs under various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., and the Collective Bargaining Agreement ("CBA").[1]

      3.      Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default. FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); FED. R. CIV.

---

[1]     The CBA is attached as Exhibit C to the Wittman Affidavit.

P. 8(d). Damages, however, must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

4.      Prior to entering default judgment, a court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, a court must determine the propriety and amount of default judgment. FED. R. CIV. P. 55(b)(2). "In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." DirecTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citing Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1992)). A hearing is not required as long as the court ensures that there is a basis for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

5.      The Clerk of the Court entered default against Defendant on June 29, 2005. As such, this Court views the factual allegations in the Complaint that establish Defendant's liability as true. As previously noted herein, Plaintiffs filed the instant Motion for Default Judgment on August 25, 2005. By order entered on September 8, 2005, this Court directed Defendant to appear on October 5, 2005, to show cause why default judgment should not be entered in this case. On that date, the President of L.A.

Transportation made an appearance before this Court during which he agreed to open the company's payroll books and records to Plaintiffs' independent auditors. On December 14, 2005, L.A. Transportation's representative advised this Court that the company's equipment had been repossessed and its accounts had been frozen. He further advised that given the circumstances, L.A. Transportation did not intend to oppose Plaintiffs' Motion for Default Judgment.

      6.      On December 21, 2005, Plaintiffs submitted a supplemental affidavit setting forth the results of their audit of L.A. Transportation's books and records. Therein, Plaintiffs requested that a judgment in the amount of $33,632.06 be entered against Defendant for unpaid fringe benefit contributions, late payment penalties, service fees, attorney fees, and costs. Plaintiffs withdrew their earlier request to compel L.A. Transportation to cooperate in an audit of its payroll records and books, which was rendered moot by Defendant's consent to such an audit.

      7.      Having reviewed Plaintiffs' submissions in support of its Motion, this Court finds that Plaintiffs are entitled to default judgment in the amount claimed. See 29 U.S.C. § 1132(g)(2). First, as substantiated by Plaintiffs' audit of L.A. Transportation's records, Plaintiffs are entitled to unpaid contributions for the period of January 2004 through September 2005, penalties, and service fees in the amount of $26,994.66. Wittman Supp. Aff., ¶ 17 & Ex. 1; CBA, Art. X, ¶ 5 & Art. IV, Part. C. Second, Plaintiffs are entitled to $1,900.00 for the cost of conducting the audit under the terms of the CBA. Wittman Supp. Aff., Ex. 2; CBA, Art. X, ¶ 6. Finally, Plaintiffs are statutorily entitled to recover reasonable attorneys fees and costs associated with bringing this action. See 29 U.S.C. § 1132(g)(2)(D). Having reviewed the submissions of Plaintiffs' attorney in this matter, this

Court finds that the attorneys fees and costs, which total $4,737.40, are reasonable under the circumstances in this case.  <u>Boron Aff.</u>, pp. 6-7 & Ex. 4.

8. For the foregoing reasons, this Court will grant Plaintiffs' Motion for Default Judgment in the amount of $33,632.06.

IT HEREBY IS ORDERED, that Plaintiffs' Motion for Default Judgment (Docket No. 5) is GRANTED.

FURTHER, that Plaintiffs are awarded a total of $33,632.06 as calculated in paragraph 7 of this Decision and Order.

FURTHER, that the Clerk of the Court is directed to send a copy of this Decision and Order to Defendant L.A. Transportation and Paving Company, Inc. at 1548 Pierce Ave., Niagara Falls, N.Y. 14301.

FURTHER, that the Clerk of the Court is directed to enter judgment consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: February 2, 2006
      Buffalo, New York

                                            /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                        United States District Judge